1  Julie E. Patterson, California Bar No. 167326
   Julie W. O'Dell, California Bar No. 291083
2  **BRYAN CAVE LLP**
   3161 Michelson Drive, Suite 1500
3  Irvine, California 92612-4414
   Telephone:  (949) 223-7000
4  Facsimile:  (949) 223-7100
   E-Mail:      jepatterson@bryancave.com
5              julie.odell@bryancave.com

6  Attorneys for Defendant
   ADECCO USA, INC.
7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11 KAITLYN SHEPARDSON,                    Case No.   3:15-cv-5102
   individually, and on behalf of other
   members of the general public similarly  (San Mateo Superior Court CIV
12 situated,                              535091)

13              Plaintiff,               **CLASS ACTION**

       v.                                **DECLARATION OF JULIE E.
14                                        PATTERSON IN SUPPORT OF
   ADECCO USA, INC,                       NOTICE OF REMOVAL BY
15 and DOES 1 through 100, inclusive,     DEFENDANT ADECCO USA, INC.**

16              Defendants.              Complaint Filed:  August 18, 2015
                                         FAC Filed:        October 2, 2015
17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

## DECLARATION OF JULIE E. PATTERSON

I, Julie E. Patterson, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in all courts of the State of California.  I am a partner with the law firm of Bryan Cave LLP, attorneys of record for Defendant Adecco USA, Inc. ("Adecco") in the action herein.  I have personal knowledge of the matters set forth in this declaration.  If called as a witness, I could testify competently to such matters.  This Declaration is submitted in support of Adecco's concurrently filed Notice of Removal.

2.      On August 18, 2015, Plaintiff Kaitlyn Shepardson ("Plaintiff") filed a putative class action in the Superior Court of the State of California, for the County of Santa Clara, entitled *Kaitlyn Shepardson, individually, and on behalf of other members of the general public similarly situated v. Adecco USA, Inc., and DOES 1 through 100, inclusive*, San Mateo County Superior Court Case No. CIV 535091 (the "State Court Action").

3.      On October 2, 2015, without serving the Complaint, Plaintiff filed a First Amended Complaint.  The proof of service attached to the Summons and First Amended Complaint indicates that Adecco was personally served on October 8, 2015.   Attached hereto as "Exhibit 1" are true and correct copies of the Complaint, First Amended Complaint, Summons, and all other pleadings, process or orders served on Adecco or filed in the State Court Action.  No other pleadings, process, or orders have been served on Adecco or filed in the State Court Action.

4.      On November 5, 2015, U.S. Adecco filed and served its Answer to Plaintiff's Complaint.  Attached hereto as "Exhibit 2" is a true and correct copy of

/ / /

/ / /

/ / /

/ / /

the Answer Adecco filed and served in the State Court Action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 6th day of November, 2015, at Irvine, California.

/s/ Julie E. Patterson

Julie E. Patterson

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PATTERSON DECLARATION IN SUPPORT OF REMOVAL

EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ADECCO USA, INC ,
and DOES 1 through 100, inclusive, Defendants

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KAITLYN SHEPARDSON, individually, and on behalf of other
members of the general public similarly situated, Plaintiffs,

**FILED**
**SAN MATEO COUNTY**
AUG 1 8 2015
Clerk of the Superior Court
By _____
DEPUTY CLERK

---

**NOTICE!** You have been sued The court may decide against you without your being heard unless you respond within 30 days Read the information below

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff A letter or phone call will not protect you Your written response must be in proper legal form if you want the court to hear your case There may be a court form that you can use for your response You can find these court forms and more information at the California Courts Online Self-Help Center (*www courtinfo ca gov/selfhelp*), your county law library, or the courthouse nearest you If you cannot pay the filing fee, ask the court clerk for a fee waiver form If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court

There are other legal requirements You may want to call an attorney right away If you do not know an attorney, you may want to call an attorney referral service If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program You can locate these nonprofit groups at the California Legal Services Web site (*www lawhelpcalifornia org*), the California Courts Online Self-Help Center (*www courtinfo ca gov/selfhelp*), or by contacting your local court or county bar association **NOTE** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case The court's lien must be paid before the court will dismiss the case

*¡AVISO!* Lo han demandado Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante Una carta o una llamada telefónica no lo protegen Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte Es posible que haya un formulario que usted pueda usar para su respuesta Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www sucorte ca gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia

Hay otros requisitos legales Es recomendable que llame a un abogado inmediatamente Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www lawhelpcalifornia org), en el Centro de Ayuda de las Cortes de California, (www sucorte ca gov) o poniéndose en contacto con la corte o el colegio de abogados locales AVISO Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso

---

| The name and address of the court is<br>*(El nombre y dirección de la corte es)*  San Mateo Superior Court | CASE NUMBER<br>*(Numero del Caso)*  **CIV 5 3 5 0 9 1** |
|---|---|

Hall of Justice and Records
400 County Center, 1st Floor, Room A, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

| DATE<br>*(Fecha)* AUG 1 8 2015 | **RODINA M. CATALANO** | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010) )*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010))*

**NOTICE TO THE PERSON SERVED** You are served

[SEAL]

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: ADECCO USA, INC

under ☑ CCP 416 10 (corporation)       ☐ CCP 416 60 (minor)
☐ CCP 416 20 (defunct corporation)       ☐ CCP 416 70 (conservatee)
☐ CCP 416 40 (association or partnership)    ☐ CCP 416 90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev  July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412 20, 465
*www courtinfo ca gov*

Page 1 of 1

4

RECEIVED

AUG 1 8 2015

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| RIGHETTI GLUGOSKI, P C<br>Matthew Righetti (SBN 121012)   John Glugoski (SBN 191551)<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br>TELEPHONE NO  415 983 0900        FAX NO  415.397 9005<br>ATTORNEY FOR *(Name)*  KAITLYN SHEPARDSON | **FILED**<br>**SAN MATEO COUNTY**<br><br>AUG 1 8 2015<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS 400 County Center, 1st Floor, Room A
MAILING ADDRESS 400 County Center, 1st Floor, Room A
CITY AND ZIP CODE Redwood City, CA 94063-1655
BRANCH NAME Hall of Justice and Records

CASE NAME
KAITLYN SHEPARDSON v ADECCO USA, INC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER CIV 5 3 5 0 9 1 |
|---|---|---|---|---|
| ✓ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal Rules of Court, rule 3 402) | | JUDGE<br><br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2)*

1  Check **one** box below for the case type that best describes this case

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3 740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal Rules of Court, rules 3 400–3 403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2  This case ✓ is  ☐ is not  complex under rule 3 400 of the California Rules of Court  If the case is complex, mark the factors requiring exceptional judicial management
a ☐ Large number of separately represented parties        d ☐ Large number of witnesses
b ☐ Extensive motion practice raising difficult or novel      e ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
c ☐ Substantial amount of documentary evidence            f ☐ Substantial postjudgment judicial supervision

3  Remedies sought *(check all that apply)*  a ✓ monetary  b ✓ nonmonetary, declaratory or injunctive relief  c ☐ punitive
4  Number of causes of action *(specify)*
5  This case ✓ is  ☐ is not  a class action suit
6  If there are any known related cases, file and serve a notice of related case  *(You may use form CM-015 )*

Date  08/14/2015
John Glugoski
_____
(TYPE OR PRINT NAME)          ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code)  (Cal Rules of Court, rule 3 220 ) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule
- If this case is complex under rule 3 400 et seq of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding
- Unless this is a collections case under rule 3 740 or a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1 2007]
**CIVIL CASE COVER SHEET**
Cal Rules of Court, rules 2 30, 3 220, 3 400–3 403 3 740,
Cal Standards of Judicial Administration, std 3 10
*www.courtinfo.ca.gov*

FILED
SAN MATEO COUNTY
AUG 18 2015
Clerk of the Superior Court

MATTHEW RIGHETTI        {121012}
JOHN GLUGOSKI           {191551}
MICHAEL RIGHETTI        {258541}
RIGHETTI · GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone: (415) 983-0900
Facsimile:  (415) 397-9005

*Attorneys for* Plaintiff

**FILED**
**SAN MATEO COUNTY**

AUG 1 8 2015

Clerk of the Superior Court
By_____
         DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO

KAITLYN SHEPARDSON,
individually, and on behalf of other
members of the general public similarly
situated,


                Plaintiff,


        vs.



ADECCO USA, INC ,
and  DOES 1 through 100, inclusive,


                Defendants.

Case No :

CLASS ACTION

**COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code,
(2) Violation of California Labor Code
      § 226.7 (Unpaid Rest Period Premiums),
(3) Violation of California Labor Code §§ 201
      and 202 (Final Wages Not Timely Paid),
(4) Violation of California Business &
      Professions Code § 17200, et seq.

CIV 5 3 5 0 9 1





FILED
AUG 1 8 2015
CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

9

COMES NOW, Plaintiff KAITLYN SHEPARDSON ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to the California Code of Civil Procedure Section 382  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction

3.      This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4       Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, including the County of San Mateo  Plaintiff resides in the State of California and the majority of the acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, County of San Mateo  Moreover, at all relevant times, Defendant ADECCO headquarters and "nerve center" have been located within the State of California, County of San Mateo.

## PARTIES

5.      Plaintiff KAITLYN SHEPARDSON is an individual residing in the State of California.

6.      Defendant ADECCO, at all times herein mentioned, was and is, upon

information and belief, a California corporation, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of San Mateo.

7.     At all relevant times, Defendant ADECCO was the "employer" of Plaintiff within the meaning of all applicable state laws and statutes within four years of the filing of this Complaint.

8.     At all times herein relevant, Defendant ADECCO, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

9.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names   Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     Defendant ADECCO and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants"

11.     Plaintiff further alleges that Defendants, directly or indirectly, controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants as

employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.       Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

13.       The proposed class is defined as follows:

> All current and former hourly "Store Operators" or persons who held similar job titles and/or performed similar job duties who worked for Defendants within the State of California at any time within four years prior to the filing of the original complaint until resolution of this action

14.       Plaintiff reserves the right to establish subclasses as appropriate

15.       The class is ascertainable and there is a well-defined community of interest in the litigation:

a       Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one hundred individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records

b.       Typicality  Plaintiff's claims are typical of all other class members' as demonstrated herein   Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest

c.       Adequacy  Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein   Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement Plaintiff has incurred, and during the pendency of this action will continue to incur, costs

and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member

   d. Superiority  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical

   e. Public Policy Considerations  Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights

  16. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members  The following common questions of law or fact, among others, exist as to the members of the class

   a Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

   b. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

   c. Whether Defendant scheduled and required Plaintiff and the other class members to report to work, but failed to provide or furnish them with more than half of his or her usual or scheduled day's work,

   d. Whether Defendants deprived Plaintiff and the other class members of rest periods or required Plaintiff and the other class members to work during rest periods without compensation,

   e. Whether Defendants failed to pay minimum wages to Plaintiff

and the other class members;

f       Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.      Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.      Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226,

i.      Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d),

j.      Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs,

k       Whether Defendants' conduct was willful or reckless,

l.   ·   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section  17200, et seq ;

m.      The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law, and

n.      Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17      At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly "Store Operator" employees

18.     Defendants, jointly and severally, employed Plaintiff within four years of the filing of this Complaint in the State of California

19.     Defendants hired Plaintiff and the "Store Operators" and failed to pay them all wages owed under California law

20.     Defendants continue to employ "Store Operators" and failed to pay them all wages owed under California law

14

21.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their "Store Operators" This scheme involved, *inter alia*, failing to pay them all wages owed, failing to provide rest breaks as required under California law, failing to pay the minimum required on days when they reported to work and were sent home as required under California law and failing to reimburse them for all business related expenses according to California law

22.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for work they performed, pay for denied rest periods, and for being sent home after reporting to work without any compensation.

23.     Plaintiff is informed and believes, and based thereon alleges, that Defendants intentionally and willfully scheduled and required Plaintiff and the other class members to report to work but did not provide or furnish them with more than half of his or her usual or scheduled day's work.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed  Plaintiff and the other class members they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed

26.     Plaintiff is informed and believes, and based thereon alleges, that

Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and rest period premiums, within any time permissible under California Labor Code section 204.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses

CLASS ACTION COMPLAINT

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits

33.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked   Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation

34.     At all material times set forth herein, Defendants failed to provide the requisite uninterrupted rest periods to Plaintiff and the other class members

35.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

36.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

37      At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

38.     At all material times set forth herein, Defendants regularly and consistently failed to provide complete or accurate wage statements to Plaintiff and the other class members

39.     At all material times set forth herein, Defendants regularly and consistently failed to keep complete or accurate payroll records for Plaintiff and the other class members

40      At all material times set forth herein, Defendants regularly and consistently failed to reimburse Plaintiff and the other class members for necessary

business-related expenses and costs.

41.     At all material times set forth herein, Defendants regularly and consistently failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

42.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly  . for any wages or penalty due to him [or her] under this article "

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wage

### Violation of Cal. Lab. Codes §§1194, 1194.2, 1197, Wage Order 5

43.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44      The Class Period for this cause of action is four years from the filing of the complaint.

45      Cal. Lab. Code §1197 provides, "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful "

46      Cal Lab Code §1194 provides in relevant part that any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit

47.     Cal Lab Code § 1194 2 provides in relevant part that· "In any action under  . Section 1194 to recover wages because of a payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

48      As alleged herein, defendants required Plaintiff and the Class members to

work without compensating them for all hours worked in violation of California law  By these actions, Defendant violated Cal  Lab  Code § 1197 and are liable to Plaintiff and the Class

49.     As a result of the unlawful acts of defendants, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, attorneys' fees, costs, and any other damages as set forth under California law, including statutory penalties under Cal. Labor Code §2699

50.     At all relevant times, the IWC Order section 5 were applicable to Plaintiff's and the other class members' employment by Defendants

51     At all relevant times, the IWC Wage Order Section 5 provides that each workday an employee is required to report to work, but is not put to work or is furnished with less than half of his or her usual or scheduled day's work, the employee must be paid for half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at his or her regular rate of pay

52.     During the relevant time period, Plaintiff and the other class members who were scheduled and required to report to work, were not put to work or furnished with less than half of his or her usual or scheduled day's work.

53.     During the relevant time period, Defendants intentionally and willfully scheduled and required Plaintiff and the other class members to report to work but Plaintiffs and the other class members were not put to work or were  furnished with less than half of his or her usual or scheduled day's work.

54.     Defendants' conduct violates applicable IWC Wage Orders.

55.     Pursuant to applicable IWC Wage Order, Plaintiff and the other class members are entitled to recover from Defendants, half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at his or her regular rate of pay

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

56.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55, and each and every part thereof with the same force and effect as though fully set forth herein

57.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226 7 were applicable to Plaintiff's and the other class members' employment by Defendants

58    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC

59    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½ ) hours

60    During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked

61.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods

62    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.

63    Defendants' conduct violates applicable IWC Wage Orders and

California Labor Code section 226.7.

64     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226 7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided

### THIRD CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

65.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 64, and each and every part thereof with the same force and effect as though fully set forth herein.

66.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

67     During the relevant time period, Defendants intentionally and willfully failed to pay the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

68     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

69     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the

employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days

70      Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203

## FOURTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

71      Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 70, and each and every part thereof with the same force and effect as though fully set forth herein

72      Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.     Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

73.      Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

74.      A violation of California Business & Professions Code section 17200, et seq may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198   Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a)   Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California

Labor Code sections 201, 202 and 204   Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

75      As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

76      Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property

77      Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows

### Class Certification

1. That this action be certified as a class action,

2. That Plaintiff be appointed as the representative of the Class,

3. That counsel for Plaintiff be appointed as Class Counsel; and

4 That Defendants provide to Class Counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510, 1194 and 1198 and applicable IWC Wage Orders by willfully failing to pay all wages due to Plaintiff and the other class members;

6. For general unpaid wages at the proper wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the court may deem just and proper

### As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

11.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

12     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premium wages pursuant to California Labor Code section 226 7(b);

14     For pre-judgment interest on any unpaid wages from the date such amounts were due, and

15.     For such other and further relief as the court may deem just and proper

### As to the Third Cause of Action

16     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of the other class members no longer employed by Defendants;

17.     For all actual, consequential, and incidental losses and damages, according to proof,

18.     For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ,

19.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

20.     For such other and further relief as the court may deem just and proper

### As to the Fourth Cause of Action

21.     That the Court declare, adjudge and decree that Defendants California Business and Professions Code sections 17200, et seq by failing to provide Plaintiff and the other class members all wage compensation due to them, failing to authorize and/or permit all rest periods to Plaintiff and the other class members, failing to provide one hour of premium pay for denied rest periods, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code sections 201, 202 and 204, failing to provide Plaintiff and other class members with complete and accurate wage statements, failing to keep complete and accurate payroll records, and failing to reimburse Plaintiff and the other class members for necessary business-related expenses and costs

22.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable,

23     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq ,

24.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021 5;

///

///

///

25.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq , and

For such other and further relief as the court may deem just and proper

Dated  August 14, 2015                                    **RIGHETTI ● GLUGOSKI P.C.**

By

John Glugoski
*Attorneys for* Plaintiff

 CT Corporation

**Service of Process Transmittal**
10/08/2015
CT Log Number 527956156

TO:     Jeffrey Watson
        Adecco Group NA
        10151 Deerwood Park Boulevard, Building 200, Suite 400
        Jacksonville, FL 32256

RE:     **Process Served in California**

FOR:    Adecco USA, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KAITLYN SHEPARDSON, individually, and on behalf of other members of the general public similarly Situated, Pltf. vs. Adecco USA, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Complaint |
| **COURT/AGENCY:** | San Mateo County - Superior Court - Redwood City, CA<br>Case # CIV535091 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action Complaint for Failure to Pay Minimum Wage |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/08/2015 at 14:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | MATTHEW RIGHETTI<br>RIGHETTI GLUGOSKI, P.C.<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br>415-983-0900 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 781481827186<br><br>Image SOP<br><br>Email Notification,  Bethena Dasher  Bethena.Dasher@adeccona.com<br><br>Email Notification,  Jessenia Lopez  Jessenia.lopez@adeccona.com<br><br>Email Notification,  Kimberly Raffield  Kimberly.raffield@adeccona.com<br><br>Email Notification,  Jeffrey Watson  Jeffrey.Watson@adeccona.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / JT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

10/8/15 @ 2:40p

**SUM-100**

FIRST AMENDED **SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
**SAN MATEO COUNTY**

OCT - 2 2015

Clerk of the Superior Court
By _MADELINE MASTERSON_
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ADECCO USA, INC.,
and DOES 1 through 100, inclusive, Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KAITLYN SHEPARDSON, individually, and on behalf of other
members of the general public similarly situated, Plaintiffs,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Mateo Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>CIV535091 |

Hall of Justice and Records
400 County Center, 1st Floor, Room A, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: OCT - 2 2015 | Clerk, by | MADELINE MASTERSON | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ADECCO USA, INC.

   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

28

MATTHEW RIGHETTI       {121012}
JOHN GLUGOSKI          {191551}
MICHAEL RIGHETTI       {258541}
RIGHETTI · GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone: (415) 983-0900
Facsimile:  (415) 397-9005

*Attorneys for* Plaintiff

ENDORSED FILED
SAN MATEO COUNTY

OCT - 2 2015

Clerk of the Superior Court
By  MADELINE MASTERSON
           DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| KAITLYN SHEPARDSON, individually, and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ADECCO USA, INC., and  DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: CIV535091 <br><br> CLASS ACTION <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> (1) Violation of California Labor Code; <br> (2) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); <br> (3) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); <br> (4) Violation of California Business & Professions Code § 17200, et seq. <br> (5) Penalties Pursuant to PAGA |

FIRST AMEDNED COMPLAINT

29

COMES NOW, Plaintiff KAITLYN SHEPARDSON ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.        This class action is brought pursuant to the California Code of Civil Procedure Section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.        This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.        This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.        Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, including the County of San Mateo.  Plaintiff resides in the State of California and the majority of the acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, County of San Mateo.  Moreover, at all relevant times, Defendant ADECCO headquarters and "nerve center" have been located within the State of California, County of San Mateo.

## PARTIES

5.        Plaintiff KAITLYN SHEPARDSON is an individual residing in the State of California.

6.        Defendant ADECCO at all times herein mentioned, was and is, upon

2

information and belief, a California corporation, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of San Mateo.

7.     At all relevant times, Defendant ADECCO was the "employer" of Plaintiff within the meaning of all applicable state laws and statutes within four years of the filing of this Complaint.

8.     At all times herein relevant, Defendant ADECCO, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

9.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     Defendant ADECCO and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.     Plaintiff further alleges that Defendants, directly or indirectly, controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants as

3

employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

13. The proposed class is defined as follows:

> All current and former hourly "Store Operators" or persons who held similar job titles and/or performed similar job duties who worked for Defendants within the State of California at any time within four years prior to the filing of the original complaint until resolution of this action.

14. Plaintiff reserves the right to establish subclasses as appropriate.

15. The class is ascertainable and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs

4

and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

   d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

   e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

   16. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

   a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

   b. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

   c. Whether Defendant scheduled and required Plaintiff and the other class members to report to work, but failed to provide or furnish them with more than half of his or her usual or scheduled day's work;

   d. Whether Defendants deprived Plaintiff and the other class members of rest periods or required Plaintiff and the other class members to work during rest periods without compensation;

   e. Whether Defendants failed to pay minimum wages to Plaintiff

and the other class members;

        f.     Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

        g.     Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

        h.     Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

        i.     Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

        j.     Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

        k.     Whether Defendants' conduct was willful or reckless;

        l.     Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

        m.     The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

        n.     Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17.     At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly "Store Operator" employees.

18.     Defendants, jointly and severally, employed Plaintiff within four years of the filing of this Complaint in the State of California.

19.     Defendants hired Plaintiff and the "Store Operators" and failed to pay them all wages owed under California law.

20.     Defendants continue to employ "Store Operators" and failed to pay them all wages owed under California law.

6

21.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their "Store Operators." This scheme involved, *inter alia*, failing to pay them all wages owed, failing to provide rest breaks as required under California law, failing to pay the minimum required on days when they reported to work and were sent home as required under California law and failing to reimburse them for all business related expenses according to California law.

22.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for work they performed, pay for denied rest periods, and for being sent home after reporting to work without any compensation.

23.     Plaintiff is informed and believes, and based thereon alleges, that Defendants intentionally and willfully scheduled and required Plaintiff and the other class members to report to work but did not provide or furnish them with more than half of his or her usual or scheduled day's work.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed. Plaintiff and the other class members they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

26.     Plaintiff is informed and believes, and based thereon alleges, that

7

Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and rest period premiums, within any time permissible under California Labor Code section 204.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

8

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

33.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

34.     At all material times set forth herein, Defendants failed to provide the requisite uninterrupted rest periods to Plaintiff and the other class members.

35.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

36.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

37.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

38.     At all material times set forth herein, Defendants regularly and consistently failed to provide complete or accurate wage statements to Plaintiff and the other class members.

39.     At all material times set forth herein, Defendants regularly and consistently failed to keep complete or accurate payroll records for Plaintiff and the other class members.

40.     At all material times set forth herein, Defendants regularly and consistently failed to reimburse Plaintiff and the other class members for necessary

9

business-related expenses and costs.

41.     At all material times set forth herein, Defendants regularly and consistently failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

42.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wage

### Violation of Cal. Lab. Codes §§1194, 1194.2, 1197, Wage Order 5

43.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

44.     The Class Period for this cause of action is four years from the filing of the complaint.

45.     Cal. Lab. Code §1197 provides, "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

46.     Cal. Lab. Code §1194 provides in relevant part that any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

47.     Cal. Lab. Code § 1194.2 provides in relevant part that: "In any action under ... Section 1194 to recover wages because of a payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

48.     As alleged herein, defendants required Plaintiff and the Class members to

10

work without compensating them for all hours worked in violation of California law. By these actions, Defendant violated Cal. Lab. Code § 1197 and are liable to Plaintiff and the Class.

49.    As a result of the unlawful acts of defendants, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, attorneys' fees, costs, and any other damages as set forth under California law, including statutory penalties under Cal. Labor Code §2699.

50.    At all relevant times, the IWC Order section 5 were applicable to Plaintiff's and the other class members' employment by Defendants.

51.    At all relevant times, the IWC Wage Order Section 5 provides that each workday an employee is required to report to work, but is not put to work or is furnished with less than half of his or her usual or scheduled day's work, the employee must be paid for half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at his or her regular rate of pay.

52.    During the relevant time period, Plaintiff and the other class members who were scheduled and required to report to work, were not put to work or furnished with less than half of his or her usual or scheduled day's work.

53.    During the relevant time period, Defendants intentionally and willfully scheduled and required Plaintiff and the other class members to report to work but Plaintiffs and the other class members were not put to work or were furnished with less than half of his or her usual or scheduled day's work.

54.    Defendants' conduct violates applicable IWC Wage Orders.

55.    Pursuant to applicable IWC Wage Order, Plaintiff and the other class members are entitled to recover from Defendants, half the usual or scheduled day's work, but in no event for less than two hours nor more than four hours, at his or her regular rate of pay.

11

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

56.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55, and each and every part thereof with the same force and effect as though fully set forth herein.

57.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

58.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

59.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½ ) hours.

60.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

61.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

62.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.

63.     Defendants' conduct violates applicable IWC Wage Orders and

12

California Labor Code section 226.7.

64.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

### THIRD CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

65.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 64, and each and every part thereof with the same force and effect as though fully set forth herein.

66.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

67.     During the relevant time period, Defendants intentionally and willfully failed to pay the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

68.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

69.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the

13

employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

70.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## FOURTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

71.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 70, and each and every part thereof with the same force and effect as though fully set forth herein.

72.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.    Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

73.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

74.     A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California

14

Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

75.     As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

76.     Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

77.     Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## FIFTH CAUSE OF ACTION
### [Penalties Pursuant to Labor Code Section 2698-99]

78.     Plaintiff herein re-alleges and incorporates each and every allegation set forth in the proceeding paragraphs.

79.     As a further and direct proximate result of the failure to pay overtime compensation, failure to provide, authorize and/or permit meal and rest periods, and failure to make payments within the required time, Plaintiff is entitled to recover penalties pursuant to California Labor Code Sections 2698-99 (Private Attorney General's Act aka PAGA). Plaintiff seeks statutory penalties for violations of Cal. Labor Code sections §§204, 210, 226, 558, and 1194.

80.     On August 14, 2015 Plaintiff took the steps necessary to exhaust administrative remedies and Plaintiff has exhausted her administrative remedies by filing with the LWDA seeking recovery of all damages, penalties and remedies sought through this complaint. The LWDA does not intend to investigate.

15

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel, immediately upon its appointment, the names and most current contact information (address and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510, 1194 and 1198 and applicable IWC Wage Orders by willfully failing to pay all wages due to Plaintiff and the other class members;

6. For general unpaid wages at the proper wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

16

---

11.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

12.     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premium wages pursuant to California Labor Code section 226.7(b);

14.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

15.     For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

16.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of the other class members no longer employed by Defendants;

17.     For all actual, consequential, and incidental losses and damages, according to proof;

18.     For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

19.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

20.     For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

21.     That the Court declare, adjudge and decree that Defendants California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all wage compensation due to them, failing to authorize and/or permit all rest periods to Plaintiff and the other class members, failing to provide one hour of premium pay for denied rest periods, failing to pay at least minimum wages to Plaintiff

17

and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code sections 201, 202 and 204, failing to provide Plaintiff and other class members with complete and accurate wage statements, failing to keep complete and accurate payroll records, and failing to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

22.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

23.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

24.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

25.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

### As to the Fifth Cause of Action

26.     A declaratory judgment that Defendants have violated Cal. Labor Code Sections 204, 210, 226.7, 510, 558, and 1194.

27.     For the maximum statutory penalties as set forth in the California Labor Code Private Attorney's General Act.

28.     For reasonable attorneys' fees and costs of suit incurred herein

///
///

18

29.     For such other and further relief as the court may deem just and proper.

Dated: October 1, 2015                    **RIGHETTI ● GLUGOSKI P.C.**

                                          By: _____
                                              John Glugoski
                                              *Attorneys for* Plaintiff

19

FIRST AMENDED COMPLAINT

47

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>John Glugoski, 191551<br>Righetti Law Firm<br>456 Montgomery Street Suite 1400<br>San Francisco, CA 94104<br>TELEPHONE NO. (415) 983-0900<br>ATTORNEY FOR *(Name)* Plaintiff | FOR COURT USE ONLY<br>**FILED**<br>SAN MATEO COUNTY<br>OCT 1 6 2015<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Mateo County
400 County Center
Redwood City, CA 94063-1655

| PLAINTIFF/PETITIONER Kaitlyn Shepardson<br>DEFENDANT/RESPONDENT Adecco USA, Inc | CASE NUMBER<br>CIV 535091 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref No or File No<br>none |

1  At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2  I served copies of: Summons, Civil Case Cover Sheet, Complaint, Notice of Case Management Conference, Notice of Complex Case Status Conference, Nonrefundable Advance Jury Fees, Civil Trial Court Management Rules, ADR Information

**By Fax**

3  a. Party served  ADECCO USA, INC

   b  Person Served  CT Corporation System-Gladys Aguilera - Person authorized to accept service of process
4  Address where the party was served  818 West Seventh Street 930
   Los Angeles, CA 90017
5  I served the party
   a  **by personal service**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date) 10/8/2015  (2) at (time). 2 40 PM
6  The "Notice to the Person Served" (on the summons) was completed as follows.

   d. on behalf of

ADECCO USA, INC

   under  CCP 416 10 (corporation)
7  **Person who served papers**
   a  Name  Jimmy Lizama
   b  Address  One Legal - 194-Marin
              504 Redwood Blvd #223
              Novato, CA 94947

   c  Telephone number 415-491-0606
   d  The fee for service was  $ 37 95
   e I am
      (3) registered California process server
         (i)  Employee or independent contractor
         (ii)  Registration No  4553
         (iii) County  LOS ANGELES
8  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date  10/9/2015

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev Jan 1 2007]         **PROOF OF SERVICE OF SUMMONS**         Code of Civil Procedure, § 417 10

OL# 8601864

48





# Superior Court of California
# County of San Mateo
# Civil Department
# 400 County Center
# Redwood City, CA 94063-1655 ,
# (650) 261-5100
# www.sanmateocourt.org

| KAITLYN SHEPARSON<br>Plaintiff(s)<br>vs<br>ADECO USA, INC<br>Defendant(s) | **Notice of Complex Case Status Conference**<br><br>Case No  CIV 535091     Date **10/20/15**<br>                                Time **9:00 AM**<br>                                **Dept. 11** |

| Title    KAITHLYN SHEPARSON, ET AL VS ADECCO USA, INC,  ET |
| --- |

You are hereby given notice of your Complex Case Status Conference  The date, time and department have been written above  At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes

1   In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to
     a. **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re  Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings
     b. **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a)  Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3 1203

> **2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3   An action is provisionally a complex case if it involves one or more of the following types of claims  (1) antitrust or trade regulation claims, (2) construction defect claims involving many parties or structures, (3) securities claims or investment losses involving many parties, (4) environmental or toxic tort claims involving many parties, (5) claims involving massive torts, (6) claims involving class actions, or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).  The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3 400(a)

4   Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3 401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3 402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re  Complex Case Designation in the form prescribed by the Court  The certificate must include supporting information showing a reasonable basis for the complex case designation being sought  Such supporting information may include, without limitation, a brief

Form  CCSC [Rev Dec 2014]

description of the following factors as they pertain to the particular action (1) management of a large number of separately represented parties, (2) complexity of anticipated factual and/or legal issues, (3) numerous pretrial motions that will be time-consuming to resolve, (4) management of a large number of witnesses or a substantial amount of documentary evidence, (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court, (6) whether or not certification of a putative class action will in fact be pursued, and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause, that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date  08/18/15

Rodina M  Catalano,
Court Executive Officer/Clerk

By: SOCORRO YAMBING
Deputy Clerk

Copies mailed to

```
JOHN GLUGOSKI
456 MONTGOMERY STREET
SUITE 1400
SAN FRANCISCO CA 94104
```

# Minute Orders

**Home**   Complaints/Parties   **Actions**   Minutes   Pending Hearings   Case Report   Images

Case Type: [                    ▼]

Case Number: [        ] [ Search ]

## Case CIV535091 - KAITHLYN SHEPARSON, ET AL VS ADECCO USA, INC, ET

**Action:** [(Choose)                              ▼]

## COMPLEX CASE STATUS CONFERENCE
## 10/20/2015 - 9:00 AM DEPT. PJLM

HONORABLE MARK R. FORCUM, JUDGE PRESIDING. CLERK: PATRICIA A. VAN DER SCHOOR COURT
REPORTER: VALERIE CATHEY
PARTIES WERE ORDERED TO APPEAR FOR COMPLEX CASE STATUS CONFERENCE
NO APPEARANCE IS MADE BY ANY PARTIES HEREIN OR THEIR COUNSEL OF RECORD.
MOTION TO DESIGNATE CASE COMPLEX IS DENIED WITHOUT PREJUDICE
ENTERED BY PATTY VAN DER SCHOOR ON 10/20/15.
=======================================

EXHIBIT 2

1   **BRYAN CAVE LLP**
    Julie E. Patterson   (CA Bar 167326)
2   Julie Westcott O'Dell (CA Bar 291083)
    3161 Michelson Drive, Suite 1500
3   Irvine, CA 92612-4414
    Telephone:   (949) 223-7000
4   Facsimile:   (949) 223-7100
    E-Mail:    jepatterson@bryancave.com
5             julie.odell@bryancave.com

6   Attorneys for Defendant
    ADECCO USA, INC.

7

8

9

10

**ENDORSED FILED**
**SAN MATEO COUNTY**

NOV - 5 2015

Clerk of the Superior Court
By   S. YAMBING
     **DEPUTY CLERK**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR COUNTY OF SAN MATEO

| | |
|---|---|
| 11  KAITLYN SHEPARDSON,<br>individually, and on behalf of other members of<br>12  the general public similarly situated, | Case No. CIV 535091 |
| | Hon. John L. ("Jack") Grandsaert / Dept. 11<br>Hon. Robert D Foiles / Dept. 21 |
| 13                              Plaintiff, | |
| 14            v. | **CLASS ACTION / COMPLEX** |
| 15  ADECCO USA, INC,<br>and DOES 1 through 100, inclusive, | **DEFENDANT ADECCO USA, INC.'S<br>ANSWER TO PLAINTIFF'S FIRST<br>AMENDED COMPLAINT** |
| 16                              Defendants. | |
| 17 | Complaint Filed:   August 18, 2015<br>FAC Filed:         October 2, 2015<br>Trial Date: |
| 18 | |

19

20

21

22

23

24

25

26

27

28

IR01DOCS\782963.2\0389659

54

FAXED COPY

1    Defendant Adecco USA, Inc. ("Defendant"), for itself alone and no other defendant,

2  answers the First Amended Complaint ("Complaint") of Plaintiff Kaitlyn Shepardson

3  ("Plaintiff"), as follows:

## GENERAL DENIAL

5    Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies generally and

6  specifically each and every allegation contained in the Complaint. Defendant further denies that

7  Plaintiff has been injured or damaged in any manner or amount or is entitled to any relief of any

8  kind.

## AFFIRMATIVE DEFENSES

10    Defendant specifically reserves the right to amend its Answer to allege further affirmative

11  defenses that it may have against the putative class, and/or subclasses, if any is certified. The

12  Court has not yet certified a class and the putative class members are not parties to the action.

13  Defendant further reserves the right to amend its Answer if additional defenses become apparent

14  throughout the course of litigation. Notwithstanding the foregoing and without waiving its rights

15  to assert additional defenses, Defendant alleges the following affirmative defenses that it now

16  knows to be applicable to Plaintiff and/or all or some of the putative class members. As for its

17  separate and independent affirmative defenses in this action, and without conceding that it bears

18  the burden of proof or persuasion as to any affirmative defense, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

20    (Failure to State Facts Sufficient to Constitute a Cause of Action)

21    1.    The Complaint, and each purported cause of action alleged therein, fails to state

22  facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

24    (Statute of Limitations)

25    2.    The Complaint, and each purported cause of action alleged therein, is barred, in

26  whole or in part, by the applicable statutes of limitations, including, but not limited to, Code of

27  Civil Procedure sections 338(a), 340(a), 340(b), and Business & Professions Code section 17208.

28  / / /

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

ANSWER OF ADECCO TO FIRST AMENDED COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

(Standing)

3.      The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff lacks standing to bring one or more of the claims being asserted either on her own behalf or in her capacity as a putative class representative.

**FOURTH AFFIRMATIVE DEFENSE**

(Substantial Compliance with Applicable Laws and Regulations)

4.      Plaintiff's causes of action are barred, in whole or in part, because Defendant has substantially complied with any and all applicable statutes, regulations, and laws.

**FIFTH AFFIRMATIVE DEFENSE**

(No Knowledge of Off-the-Clock Work)

5.      Defendant has no knowledge of, nor should it have knowledge of, any alleged off-the-clock work or unpaid overtime hours worked by Plaintiff or the putative class, and did not authorize, require, request, suffer, or permit such activity.

**SIXTH AFFIRMATIVE DEFENSE**

(Reporting Time)

6.      To the extent Plaintiff or the putative class was required to report to work and did report, but were not put to work or were furnished with less than half the day's scheduled work, any reporting time pay obligation was excused under applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**

(*De Minimis*)

7.      Plaintiff's claims are in whole or in part *de minimis.*

**EIGHTH AFFIRMATIVE DEFENSE**

(Outside the Scope of Authority)

8.      If any manager or supervisor authorized, required, requested, suffered, or permitted an employee to work off the clock or report to work without pay, or failed to pay compensation for overtime hours worked, such supervisor or manager acted outside the scope of his or her employment with Defendant.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

## NINTH AFFIRMATIVE DEFENSE

(No Knowing and Intentional Failure)

9.      Defendant did not knowingly or intentionally fail to provide accurate itemized statements to Plaintiff and the putative class within the meaning of Labor Code section 226.

## TENTH AFFIRMATIVE DEFENSE

(No Injury Suffered)

10.     Plaintiff and the putative class have not suffered injury as the result of any alleged knowing or intentional failure to provide accurate itemized wage statements within the meaning of Labor Code section 226.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Willful Deprivation of Wages)

11.     The Complaint, and each purported cause of action alleged therein, is barred because Defendant did not willfully, intentionally, arbitrarily or without just cause deprive Plaintiff or the putative class of any wages to which they were entitled under California law.

## TWELFTH AFFIRMATIVE DEFENSE

(No Failure to Authorize or Permit Rest Periods)

12.     Defendant properly authorized and permitted Plaintiff and the putative class to take rest periods in compliance with applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver of Rest Periods)

13.     To the extent that Plaintiff and the putative class did not receive a rest period during their work shifts, it was because Plaintiff and the putative class waived such rest period.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unreimbursed Expenses Not Necessary or Reasonable)

14.     Defendant reimbursed Plaintiff and any other alleged aggrieved employees for expenses or losses in accordance with the California Labor Code. Any expenses or losses incurred by Plaintiff or any other alleged aggrieved employees that were not reimbursed either were not incurred in the direct consequence of the discharge of such employees' duties or were not

1   necessary or reasonable.

2   **FIFTEENTH AFFIRMATIVE DEFENSE**

3   (Failure to Seek Adequate Reimbursement)

4       15.    Defendant has satisfied any statutory reimbursement obligation it may have by

5   paying Plaintiff and any other alleged aggrieved employees an amount sufficient to provide full

6   reimbursement for actual expenses necessarily incurred. Plaintiff's claims are barred to the extent

7   Plaintiff or any other alleged aggrieved employees failed to complain about Defendant's

8   reimbursement policies or to proffer any evidence that any such policy provided inadequate

9   reimbursement.

10   **SIXTEENTH AFFIRMATIVE DEFENSE**

11   (Management Discretion)

12       16.    The Complaint, and each purported cause of action alleged therein, is barred, in

13   whole or in part, because the conduct of which Plaintiff now complains was a just and proper

14   exercise of management discretion by Defendant (and/or its agents), and was undertaken for a fair,

15   honest, and legitimate business reason, and was regulated by good faith under circumstances that

16   existed.

17   **SEVENTEENTH AFFIRMATIVE DEFENSE**

18   (Good Faith Dispute)

19       17.    The Complaint, and each purported cause of action alleged therein, is barred

20   because Defendant did not willfully fail to pay Plaintiff and the putative class wages, as a good

21   faith dispute exists as to whether any wages are due.

22   **EIGHTEENTH AFFIRMATIVE DEFENSE**

23   (Plaintiff Secreted or Absented)

24       18.    The Complaint, and each purported cause of action alleged therein, is barred to the

25   extent Plaintiff and the putative class have secreted or absented themselves in order to avoid

26   payment of wages, or to the extent they refused to receive payment of wages when fully tendered.

27   / / /

28   / / /

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

## NINETEENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim under Labor Code Sections 201 and 202; Timely Payment)

19.     Plaintiff's third cause of action fails to state a claim against Defendant for violations of Labor code Sections 201 and 202 for failing to pay wages upon termination for those wage payments covered by Labor Code Section 201.3 as Defendant is a temporary services employer.  Moreover, Defendant timely paid any wages due upon termination.

## TWENTIETH AFFIRMATIVE DEFENSE

(Not Entitled to Injunctive or Other Equitable Relief)

20.     Plaintiff and putative class members are not entitled to the injunctive relief requested in the Complaint, or to any injunctive or other form of equitable relief, because, among other things, (i) Plaintiff and putative class members have an adequate remedy at law if they were to succeed in this action, (ii) there is no reasonable likelihood that Plaintiff or putative class members will prevail on the merits, and/or (iii) Plaintiff and putative class members cannot show any threat of irreparable harm.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(PAGA – Failure to Exhaust Administrative Remedies)

21.     Plaintiff's fifth cause of action under PAGA is barred, in whole or in part, to the extent Plaintiff has failed to exhaust her administrative remedies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(PAGA – Failure to Provide Notification)

22.     Plaintiff's fifth cause of action under PAGA is barred, in whole or in part, to the extent Plaintiff failed to provide notification of the specific provision of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(PAGA – Unjust Enrichment)

23.     Plaintiff's fifth cause of action under PAGA is barred, in whole or in part, to the extent PAGA penalties are sought in addition to statutory penalties for the same underlying claim or violations, as such duplicative recovery constitutes unjust enrichment.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Good Faith and Reasonable Grounds – No Violation of Labor Code)

24.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent it seeks recovery of liquidated damages because any act or omission by Defendant, if any, was in good faith, and Defendant had reasonable grounds for believing that the act or omission was not a violation of any provision of the Labor Code relating to minimum wage or otherwise.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Avoidable Consequences Doctrine)

25.     Plaintiff and the putative class are not entitled to recovery on some or all of the purported causes of action because any purported loss could and should have been reduced or avoided by Plaintiff and the putative class by complying with company instructions and procedures.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

26.     Plaintiff's recovery as to each purported cause of action alleged in the Complaint is barred, in whole or in part, by her failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to her.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Offset)

27.     Defendant denies that it has unlawfully failed to pay any amounts for wages to Plaintiff or putative class members, or that it otherwise acted improperly. However, any entitlement that Plaintiff or putative class members may have to additional wages is subject to an offset for payments or benefits that Plaintiff or putative class members may have received (or may receive) from Defendant.

/ / /

/ / /

/ / /

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2

### (Privilege/Justification)

3      28.      Defendant's actions concerning the matters alleged in the Complaint, if any, were

4    privileged and/or justified.

5

## TWENTY-NINTH AFFIRMATIVE DEFENSE

6

### (Plaintiff Seeks Unjust Enrichment)

7      29.      The Complaint, and each purported cause of action alleged therein, is barred, in

8    whole or in part, on the ground that Plaintiff and putative class members would be unjustly

9    enriched if they were allowed to recover certain claimed damages in the Complaint.

10

## THIRTIETH AFFIRMATIVE DEFENSE

11

### (Penalties Would Be Unconstitutional)

12      30.      Plaintiff and putative class members are not entitled to recover any penalties as

13    prayed for in the Complaint because such an award would violate Defendant's rights under the

14    Constitution of the United States of America and the Constitution of the State of California,

15    including without limitation, Defendant's right to (1) procedural due process under the

16    Constitution of the State of California and the Fourteenth Amendment of the Constitution of the

17    United States of America; (2) protection from excessive fines as provided in the Eighth

18    Amendment of the Constitution of the United States of America, and Article I, Section 7 of the

19    Constitution of the State of California; and (3) substantive due process provided in the

20    Constitution of the State of California and the Fifth and Fourteenth Amendments of the

21    Constitution of the United States of America.

22

## THIRTY-FIRST AFFIRMATIVE DEFENSE

23

### (Representation Not Proper)

24      31.      Plaintiff is not an adequate representative of the allegedly aggrieved parties in this

25    action.

26

## THIRTY-SECOND AFFIRMATIVE DEFENSE

27

### (No Community of Interest)

28      32.      The putative class members do not share a community of interest in common

1 questions of law and/or fact.

2                    **THIRTY-THIRD AFFIRMATIVE DEFENSE**

3                          (Failure to State a Class Action Claim)

4       33.    The Complaint, and each purported cause of action alleged therein, fails to allege

5 facts sufficient to constitute a cognizable class action.

6                    **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

7                          (Unconstitutional as Class Action)

8       34.    The class allegations are barred on the ground that if this action is certified as a

9 class action, Defendant's rights under the Fifth and Seventh Amendments to the United States

10 Constitution would be violated.

11                    **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

12                                (Laches)

13       35.    The Complaint, and each purported cause of action alleged therein, is barred by the

14 doctrine of laches.

15                    **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

16                                (Estoppel)

17       36.    The Complaint, and each purported cause of action alleged therein, is barred by the

18 doctrine of estoppel.

19                    **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

20                                (Waiver)

21       37.    The Complaint, and each purported cause of action alleged therein, is barred by the

22 doctrine of waiver.

23                    **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

24                             (Unclean Hands)

25       38.    The Complaint, and each purported cause of action alleged therein, is barred by the

26 doctrine of unclean hands.

27 / / /

28 / / /

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1

### THIRTY-NINTH AFFIRMATIVE DEFENSE

2

(Balance of Equities)

3      39.      The equities in this case weigh against the relief Plaintiff seeks on behalf of herself

4   and the putative class.

5

### FORTIETH AFFIRMATIVE DEFENSE

6

(Failure or Refusal to Arbitrate)

7      40.      The Complaint, and each purported cause of action alleged therein, is barred

8   because Plaintiff agreed, in a written agreement, to subject each of her causes of action to binding

9   arbitration, but has failed to do so.

10      Defendant reserves the right, upon completion of its investigation, to file such additional

11   affirmative defenses as may be appropriate.

12      WHEREFORE, having fully answered Plaintiff's complaint, Defendant prays for relief as

13   follows:

14      1.      That Plaintiff take nothing by her Complaint;

15      2.      That the Complaint be dismissed, in its entirety, with prejudice;

16      3.      That judgment be entered in Defendant's favor and against Plaintiff;

17      4.      That Defendant be awarded its costs of suit;

18      5.      That Defendant be awarded its attorneys' fees; and

19      6.      That Defendant be awarded such other and further relief as this Court deems just

20   and proper.

21   Dated:  November 5, 2015                 **BRYAN CAVE LLP**
                                              Julie E. Patterson
22                                            Julie Westcott O'Dell

23

24                                            By:

25                                            Julie Westcott O'Dell
                                              Attorneys for Defendant
26                                            ADECCO USA, INC.

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**PROOF OF SERVICE**
CCP 1013a(3) Revised 5/1/88
**(San Mateo – CIV 535091 – Shepardson v. Adecco)**

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  3161 Michelson Drive, Suite 1500, Irvine, CA  92612-4414.

     On **November 5, 2015**, I caused the following document(s) described as:

**DEFENDANT ADECCO USA, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| Matthew Righetti, Esq.<br>John Glugoski, Esq.<br>Michael Righetti, Esq.<br>**Righetti – Glugoski, P.C.**<br>456 Montgomery St., Ste. 1400<br>San Francisco, CA 94104 | ***Attorneys for Plaintiff***<br>***Kaitlyn Shepardson***<br>Phone:   (415) 983-0900<br>Fax:      (415) 397-9005<br>E-mail: |

     [☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     [☒] STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on **November 5, 2015**, at Irvine, California.

_____
Ginny Hamel

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS\779113.1\0389659

PROOF OF SERVICE