**BRYAN CAVE LLP**
Julie E. Patterson    (CA Bar 167326)
Julie W. O'Dell       (CA Bar 291083)
Steven A. Witt        (CA Bar 277303)
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Telephone:   (949) 223-7000
Facsimile:   (949) 223-7100
E-Mail:   jepatterson@bryancave.com
          julie.odell@bryancave.com
          steven.witt@bryancave.com

Attorneys for Defendant
ADECCO USA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAITLYN SHEPARDSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADECCO USA, INC, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:15-cv-05102-EMC (San Mateo Superior Court CIV 535091)<br><br>Hon. Edward M. Chen<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   March 10, 2016<br>Time:   1:30 p.m.<br>Room:   5<br><br>Complaint Filed:   August 18, 2015<br>FAC Filed:   October 2, 2015 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 10, 2016, at 1:30 p.m., in Courtroom 5 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, CA 94102, the Honorable Edward M. Chen presiding, Defendant Adecco USA, Inc. ("Adecco") will and does move for an order compelling individual arbitration of any and all disputes between Adecco and Plaintiff Kaitlyn Shepardson ("Plaintiff") arising out of Plaintiff's employment with Adecco, including all claims and causes of action Plaintiff asserts against Adecco in her Complaint in this action. Adecco also moves for an order staying this litigation pending the completion of arbitration.

This Motion to Compel Arbitration ("Motion") is made on the grounds that Plaintiff entered into a valid and enforceable contract providing that all disputes between her and Adecco arising from her employment relationship would be resolved by binding arbitration in accordance with the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*

This Motion is based upon this Notice, the accompanying memorandum of points and authorities, the concurrently filed Declarations of Rachel Prentiss and Julie Patterson, and such other further evidence and arguments as may be presented at the hearing on this Motion.

Dated: February 2, 2016

**BRYAN CAVE LLP**
Julie E. Patterson
Julie W. O'Dell
Steven A. Witt

By: */s/ Julie E. Patterson*
Julie E. Patterson
Attorneys for Defendant
ADECCO USA, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

# TABLE OF CONTENTS

|  |  |  | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 1 |
| III. | ARGUMENT | | 3 |
| | A. | This Court Should Compel Plaintiff to Honor Her Agreement to Arbitrate | 3 |
| | | 1. The Parties Entered into a Valid Agreement to Arbitrate | 4 |
| | | 2. The Electronic Agreement Must Be Given Legal Effect | 5 |
| | | 3. The Agreement Is Not Unconscionable | 6 |
| | B. | Plaintiff Must Arbitrate Her Claims on an Individual Basis | 8 |
| | | 1. Plaintiff Entered Into a Valid Class Action Waiver | 8 |
| | | 2. The Dispute Resolution Agreement Does Not Violate The NLRA | 9 |
| | C. | If this Court Will Not Compel the Entire Matter to Arbitration on an Individual Basis, It Should Issue a Stay of the PAGA Claim | 11 |
| IV. | CONCLUSION | | 12 |

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

**Cases**

*Allied-Bruce Terminix Companies, Inc. v. Dobson,*
    513 U.S. 265 (1995)............................................................................4

*Armendariz v. Foundation Health Psychcare Servs., Inc.,*
    24 Cal. 4th 83 (2000) .....................................................................7, 8

*AT&T Mobility LLC v. Concepcion,*
    131 S. Ct. 1740 (2011).....................................................................3, 4

*Chau v. EMC Corp.,*
    2014 WL 842579 (N.D. Cal. Feb. 28, 2014) .....................................6

*Chavarria v. Ralphs Grocery Co.,*
    733 F.3d 916 (9th Cir. 2013) .............................................................7

*Circuit City Stores v. Adams,*
    532 U.S. 105 (2001).........................................................................4

*Circuit City Stores, Inc. v. Ahmed,*
    283 F.3d 1198 (9th Cir. 2002) .........................................................8

*Circuit City Stores, Inc. v. Najd,*
    294 F.3d 1104 (9th Cir. 2002) .........................................................8

*Cobarruviaz v. Maplebear, Inc.,*
    2015 WL 6694112 (N.D. Cal. Nov. 3, 2015) ................................14

*Davis v. Nordstrom, Inc.,*
    755 F.3d 1089 (9th Cir. 2014) .........................................................5

*Dean Witter Reynolds, Inc. v. Byrd,*
    470 U.S. 213 (1985).......................................................................10

*EEOC v. Waffle House, Inc.,*
    534 U.S. 279 (2002).........................................................................4

*In re D.R. Horton, Inc.,*
    357 N.L.R.B. No. 184, 2012 WL 36274 (Jan. 3, 2012)..............10, 11

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMO OF POINTS & AUTHORITIES

*In re Murphy Oil USA, Inc.,*

361 N.L.R.B. No. 72, 2014 WL 5465454 (Oct. 28, 2014) ........................................................ 10

*Iskanian v. CLS Transportation Los Angeles, LLC,*

59 Cal. 4th 348 (2014) ........................................................ 11

*Jacobson v. Snap-On Tools Co.,*

2015 WL 8293164 (N.D. Cal. Dec. 9, 2015) ........................................................ 14

*Jasso v. Money Mart Exp., Inc.,*

879 F. Supp. 2d 1038 (N.D. Cal. 2012) ........................................................ 10

*Johnmohammadi v. Bloomingdale's, Inc.,*

755 F.3d 1072 (9th Cir. 2014) ........................................................ 8, 11

*Jones-Mixon v. Bloomingdale's, Inc.,*

2014 WL 2736020 (N.D. Cal. Jun. 11, 2014) ........................................................ 7

*Kag West, LLC v. Malone,*

2015 WL 6693690 (N.D. Cal. Nov. 3, 2015) ........................................................ 14

*Kilgore v. KeyBank Nat'l Ass'n,*

673 F.3d 947 (9th Cir. 2012) ........................................................ 7, 8, 13

*Langston v. 20/20 Companies, Inc.,*

2014 WL 5335734 (C.D. Cal. Oct. 17, 2014) ........................................................ 7

*Morvant v. P.F. Chang's China Bistro, Inc.,*

870 F. Supp. 2d 831 (N.D. Cal. 2012) ........................................................ 10

*Moses v. Cone Memorial Hospital v. Mercury Constr. Corp.,*

460 U.S. 1 (1983) ........................................................ 3

*Nanavati v. Adecco USA, Inc.,*

99 F. Supp. 3d 1072 (N.D. Cal. 2015) ........................................................ passim

*Owen v. Bristol Care, Inc.,*

702 F.3d 1050, 1055 (8th Cir. 2013) ........................................................ 11

*Richards v. Ernst & Young, LLP,*

744 F.3d 1072 (9th Cir. 2013) ........................................................ 11

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

*Sakkab v. Luxottica Retail N.A.*,

    803 F.3d 425 (9th Cir. 2015) ................................................................................... 1, 3, 13

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,

    559 U.S. 662 (2010) (emphasis in original) .................................................................. 10

*Sutherland v. Ernst & Young LLP*,

    726 F.3d 290 (2nd Cir. 2013) ........................................................................................ 11

*Totten v. Kellogg Brown & Root, LLC*

    2016 WL (C.D. Cal. 2016) ............................................................................................. 12

*Williams v. 24 Hour Fitness, USA, Inc.*,

    2015 WL 4139227 (D. Hawaii July 9, 2015) ............................................................... 12

**Statutes**

15 U.S.C. § 7001(a) ............................................................................................................... 5

15 U.S.C. § 7001(a)(1) .......................................................................................................... 5

15 U.S.C. § 7001(a)(2) .......................................................................................................... 6

9 U.S.C. § 2 ....................................................................................................................... 3, 4

9 U.S.C. § 3 ......................................................................................................................... 13

9 U.S.C. §§ 9-12 ................................................................................................................... 9

Cal. Civ. Code § 1633.7 (a)-(b) ........................................................................................... 6

Cal. Civ. Code §1633.7 ........................................................................................................ 6

Cal. Lab. Code § 2698 .......................................................................................................... 2

**Rules**

Fed. R. Evid. 803(6)(A-D) .................................................................................................... 6

Fed. R. Evid. 803(6)(E) ........................................................................................................ 6

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Kaitlyn Shepardson ("Plaintiff") began employment with Defendant Adecco USA, Inc. ("Adecco") as a temporary employee in 2013. At the time of hire, she and Adecco entered into an agreement to arbitrate any and all disputes arising out of the employment relationship. The parties agreed to bring their claims only in their individual capacities and waived their right to pursue class, representative or collective claims in arbitration. Adecco then placed Plaintiff on various temporary assignments with its client Google.

After Plaintiff's assignments with Google ended in 2015, Plaintiff filed a putative class action lawsuit seeking to represent a class of Adecco's temporary staffing employees in California and asserting claims for various wage and hour violations and related statutory and civil penalties, including a representative claim under the California Private Attorneys General Act (PAGA). Plaintiff failed to definitively respond to several requests that she arbitrate her claims on an individual basis consistent with her agreement and that she stipulate to stay her PAGA claim.

Adecco's arbitration agreements are valid and enforceable. This Court has already upheld the validity of Adecco's arbitration agreements earlier this year in *Nanavati v. Adecco USA, Inc.*, 99 F. Supp. 3d 1072 (N.D. Cal. 2015).

Plaintiff will likely argue that she cannot be compelled to arbitrate her PAGA claim on an individual basis. Though the overwhelming majority of district courts upheld the enforceability of representative PAGA waivers in employment arbitration agreements, a split three-judge panel for the Ninth Circuit ruled in September 2015 that such waivers were unenforceable. *See generally Sakkab v. Luxottica Retail N.A.*, 803 F.3d 425 (9th Cir. 2015). To the extent this Court may find it is bound by the *Sakkab* decision, this Court should stay Plaintiff's PAGA claim and compel the remainder of her claims to arbitration, as her agreement with Adecco requires.

### II. FACTUAL BACKGROUND

Adecco is one of the largest staffing companies in the United States that provides a full range of recruitment and staffing solutions to meet the evolving workforce needs of Adecco's clients and the temporary employees ("associates") who are placed for employment at client sites.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

Adecco maintains its corporate headquarters in Jacksonville, Florida, but has branches offices in 47 states, including California. Declaration of Rachel Prentiss ("Prentiss Decl."), ¶ 1.

Plaintiff was an associate who was placed by Adecco in temporary positions at Google, an Adecco client, from approximately August 2013 through April 2015. *Id.* at ¶ 4. Like other new hires, during Adecco's onboarding process Plaintiff entered into Adecco's Dispute Resolution and Arbitration Agreement for Consultants/Associates ("Dispute Resolution Agreement"). *Id.* at ¶¶ 10-15, Ex. C. Plaintiff had the opportunity to opt out of the Dispute Resolution Agreement during the onboarding process, but Plaintiff did not do so. *Id.* at ¶¶ 14-15, Ex. C § 9.

The Dispute Resolution Agreement provides that Adecco and the employee "agree that any and all disputes, claims, or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment relationship shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association then in effect." *Id.* at ¶ 11, Ex. C. § 1. Claims covered by the agreement include "disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and meal periods, termination, or harassment . . . and all other state and statutory and common law claims." *Id.* at Ex. C § 2.

On August 18, 2015, Plaintiff originally filed this action against Adecco in Santa Mateo County Superior Court asserting claims for failure to pay minimum wages, failure to provide rest periods or rest period premiums, failure to pay wages on termination, unfair business practices and recovery under the California Labor Code Private Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698, *et seq.* Plaintiff purports to bring these claims on her own behalf and on behalf of all of Adecco's California non-exempt temporary staffing employees who worked as "Store Operators" (or other similar titles) in the four years preceding the initial filing of her complaint. FAC, ¶ 13.

On or about November 6, 2015, Adecco removed the action to this Court. On December 4, 2015 Adecco requested that Plaintiff arbitrate her claims on an individual basis pursuant to the Dispute Resolution Agreement she signed. Declaration of Julie Patterson ("Patterson Decl.") at ¶ 1. Through both a telephone conference and email on December 21, 2015, Adecco again repeated

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

its demand for arbitration and proposed a stipulation to arbitrate Plaintiff's individual claims and stay her PAGA claim pending the outcome of the arbitration and/or final resolution of *Sakkab v. Luxottica Retail N.A. Id.* at ¶¶ 2-3. Adecco continued its meet and confer efforts through multiple email exchanges in January 2016 and provided Plaintiff with a draft stipulation for review. *Id.* at ¶¶ 3-4. To date, the parties have been unable to agree on the terms of a stipulation. *Id.* at ¶ 4.

## III. ARGUMENT

### A. This Court Should Compel Plaintiff to Honor Her Agreement to Arbitrate

The Federal Arbitration Act ("FAA") reflects a strong liberal federal policy in favor of arbitration. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (*"Concepcion"*); *Moses v. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." *Concepcion,* 131 S. Ct. at 1745 (internal citations omitted).

Section 2 of the FAA allows a court to refuse to enforce an arbitration agreement only "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "This savings clause permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepcion,* 131 S. Ct at 1746 (internal quotation marks omitted).

The Dispute Resolution Agreement expressly invokes the FAA, stating "This Agreement shall be enforceable under and subject to the Federal Arbitration Act, 9 U.S.C. Sec. 1 *et seq.*" Prentiss Decl. Ex. C § 1. The FAA applies to "a contract evidencing a transaction *involving* interstate commerce." 9 U.S.C. § 2 (emphasis added). This broad language reflects an intent by Congress to exercise its commerce power to the full. *Allied-Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265, 273 (1995). The FAA applies to employment contracts, but for a limited exception not applicable here involving transportation workers. *Circuit City Stores v. Adams*, 532 U.S. 105, 119 (2001) (finding the FAA applied to an employment contract between a national

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

retailer and an employee in one of its stores); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (applying the FAA to an employment contract with an employee of a restaurant chain).

Adecco may properly invoke the FAA because its business activity has a sufficient nexus with interstate commerce. Adecco is a national staffing firm with its headquarters and principal place of business located outside of California. Prentiss Decl., ¶ 1. Adecco provides temporary staffing services to clients located throughout the United States, including California. *Id.* Plaintiff was hired by Adecco in 2013 and was placed on several temporary assignments as a GSX Store Operator (or Google Shopping Express Operator) with Adecco's client Google, a multi-national company specializing in Internet-related products and services, including on-line advertising. *Id.* at ¶ 4. Thus, the FAA governs this dispute and requires enforcement of the Dispute Resolution Agreement as explained below.

1.    <u>The Parties Entered into a Valid Agreement to Arbitrate</u>

"Arbitration is a matter of contract, and the FAA requires courts to honor the parties' expectations." *Concepcion,* 131 S. Ct at 1752. "Under the FAA, the role of the district court is to determine if a valid arbitration agreement exists, and if so, whether the agreement encompasses the dispute at issue." *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092 (9th Cir. 2014).

At the time Plaintiff began employment with Adecco, she signed Adecco's Dispute Resolution Agreement. The agreement provides that "the Company and Employee agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment relationship, shall be resolved by binding arbitration . . . ." Prentiss Decl., ¶ 13, Ex. C § 1. The agreement "applies, without limitation, to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and meal periods, termination, or harassment . . . and all other state and statutory and common law claims. *Id.* at Ex. C § 2.

Plaintiff asserts claims for failure to pay minimum wages, failure to provide rest periods or rest period premiums, failure to pay wages on termination, unfair business practices and PAGA penalties based on the underlying alleged Labor Code violations. *See generally* FAC. All of these claims undisputedly arise out of her employment relationship with Adecco. In fact, the agreement

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

expressly provides for arbitration of claims for unpaid compensation, rest periods, and unfair competition. Prentiss Decl. Ex. C § 2.

### 2. The Electronic Agreement Must Be Given Legal Effect

Plaintiff may attempt to challenge the validity of the Dispute Resolution Agreement because she signed it electronically. But both federal and California law provide that electronic signatures have the same force and effect as hand-written signatures, and Adecco has properly authenticated Plaintiff's electronic signature. *See* Prentiss Decl. ¶¶ 2-18, Exs. A-D.

Both federal and California law provide that agreements may not be denied legal effect because they are in electronic form or have electronic signatures. 15 U.S.C. § 7001(a) provides that "a signature, contract, or other record" relating to a transaction in or affecting interstate commerce "may not be denied legal effect, validity, or enforceability solely because it is in electronic form." 15 U.S.C. § 7001(a)(1). With respect to electronic signatures it provides that, "a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation." 15 U.S.C. § 7001(a)(2).

Similarly, California Civil Code section 1633.7 provides in relevant part that "[a] record or signature may not be denied legal effect or enforceability solely because it is in electronic form," adding that "[a] contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation." Cal. Civ. Code § 1633.7 (a)-(b); *see Chau v. EMC Corp.*, 2014 WL 842579, *4 (N.D. Cal. Feb. 28, 2014) (finding that an employee's electronic signature on an employment agreement with an arbitration provision was valid where the employee checked yes in acknowledging that an electronic signature is as valid as a signature by hand).

Authentication of business records under the Federal Rules of Evidence requires demonstrating through a custodian of records or another qualified witness that (i) a record was made at or near the time, or from information transmitted by someone with knowledge; (ii) the record was kept in the course of a regularly conducted business activity; and (iii) the making of the record was a regular practice of the business activity. Fed. R. Evid. 803(6)(A-D). This hearsay

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMO OF POINTS & AUTHORITIES

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

exception applies if neither the source of the information, nor the method or circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 803(6)(E).

Here, the Prentiss Declaration establishes that Plaintiff followed Adecco's standard practice for on-boarding new associates by logging onto USVerify and applying her electronic signature to Adecco's new hire documents, including the Dispute Resolution Agreement. Prentiss Decl. ¶¶ 2-18, Exs. A-D. This Court earlier this year enforced the same Dispute Resolution Agreement against another former Adecco employee, who, like Plaintiff, executed the Dispute Resolution Agreement electronically. *See Nanavati v. Adecco USA, Inc.*, 99 F. Supp. 3d 1072, 1074-75 (N.D. Cal. 2015) (noting a similar verification of an employee's electronic signature). This Court's *Nanavati* decision is line with other decisions enforcing similar arbitration agreements with electronic signatures. *See e.g., Langston v. 20/20 Companies, Inc.*, 2014 WL 5335734, *5-6 (C.D. Cal. Oct. 17, 2014) (finding the defendant properly authenticated electronically signed arbitration agreements); *Jones-Mixon v. Bloomingdale's, Inc.*, 2014 WL 2736020, *4 (N.D. Cal. Jun. 11, 2014) (finding the agreement was properly authenticated by a custodian of records for defendant's dispute resolution program).

To refuse to enforce an arbitration agreement because it contained electronic signatures or to impose a higher burden on authenticating such a signature would run afoul of *Concepcion's* requirement that "[C]ourts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." 131 S. Ct. at 1745 (internal citations omitted).

### 3. The Agreement Is Not Unconscionable

"Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid. California utilizes a sliding scale to determine unconscionability." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013). "'[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 99 (2000). Procedural unconscionability focuses on oppression or surprise due to unequal bargaining power, substantive

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

unconscionability focuses on overly harsh or one-sided results. *Kilgore v. KeyBank Nat'l Ass'n,* 673 F.3d 947, 964 (9th Cir. 2012); *Armendariz,* 24 Cal. 4th at 99.

The Dispute Resolution Agreement is not procedurally unconscionable. The agreement was not presented to Plaintiff on a take it or leave it basis. Rather, she had the option of opting out of the agreement at the time she began her employment with Adecco. Prentiss Decl. ¶ 14, Ex. C, § 9. She did not to do so. *Id.* at ¶ 15. Any claim of procedural unconscionability fails on this basis alone. *See Circuit City Stores, Inc. v. Najd,* 294 F.3d 1104, 1108 (9th Cir. 2002) (holding that an arbitration agreement was not procedurally unconscionable where the employee had the right to opt out, but did not do so); *Circuit City Stores, Inc. v. Ahmed,* 283 F.3d 1198-1200 (9th Cir. 2002) (same); *Johnmohammadi v. Bloomingdale's, Inc.,* 755 F.3d 1072, 1074 (9th Cir. 2014) (employee failed to opt out within the 30-day period).

Because the agreement is not procedurally unconscionable, the Court need not even reach the issue of substantive unconscionability. *Kilgore,* 673 F.3d at 964; *Armendariz,* 24 Cal. 4th at 114 (both must be present for a court to exercise its discretion to refuse to enforce an agreement). Even if the Court reaches this issue, the Dispute Resolution Agreement satisfies substantive due process requirements. *Armendariz* provides that an agreement is lawful if it, "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." 24 Cal. 4th at 102.

Here, the Dispute Resolution Agreement is bilateral, both Adecco and Plaintiff agreed to arbitrate their claims. Prentiss Decl. Ex. C, § 1 ("The agreement to arbitrate includes any claims that the Company may have against Employee, or that Employee may have against the Company . . . ."). The agreement provides for arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA Employment Rules"). Prentiss Decl. Ex. C, § 1. Plaintiff was prompted to download and print the AAA Employment Rules before signing the Dispute Resolution Agreement, and may have requested both electronic and hard copies of the rules at any time thereafter. Prentiss Decl. ¶ 11.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMO OF POINTS & AUTHORITIES

The AAA Employment Rules provide for the selection of a neutral arbitrator. *See Employment Arbitration Rules & Mediation Procedures* § 12, available at www.adr.org/employment (last visited February 2, 2016). They provide for adequate discovery and a written award. *Id.* at §§ 9, 39. The arbitrator may award the same remedies and relief that would have been available had the parties litigated in court. *Id.* at § 39. The employer bears the costs of the arbitration forum and arbitrator's fees, except for a $200 filing fee, which would not apply here, if the employee initially files the claim. *Id.* at *Costs of Arbitration (Including Administrative Fees).* While the agreement does not expressly mention judicial review, the FAA provides for such review. 9 U.S.C. §§ 9-12.

Accordingly, as this Court has already determined in *Nanavati*, the Dispute Resolution Agreement is not substantively unconscionable and is therefore valid and enforceable. *See* 99 F. Supp. 3d at 1076.

**B.      Plaintiff Must Arbitrate Her Claims on an Individual Basis**

        1.      Plaintiff Entered Into a Valid Class Action Waiver

The Dispute Resolution Agreement contains an express class action waiver which states, **"BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS AND/OR COLLECTIVE PROCEEDING."** Prentiss Decl., Ex. C, §7 (emphasis in original).

In *Concepcion,* the United States Supreme Court stated that arbitration agreements are to be "enforced according to their terms," and that the parties may agree "to limit *with whom* a party will arbitrate its disputes." *Id.* at 1748-49 (emphasis in original). "[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) (emphasis in original). The Court's holding in *Concepcion,* striking down state procedures that stand as obstacles to arbitration under the FAA, applies with equal force to class action waivers in the employment context. 131 S. Ct. at 1753; *Morvant v. P.F. Chang's China Bistro,*

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

*Inc.*, 870 F. Supp. 2d 831, 841 (N.D. Cal. 2012); *Jasso v. Money Mart Exp., Inc.*, 879 F. Supp. 2d 1038, 1044 (N.D. Cal. 2012).

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985). Thus, Plaintiff should be compelled to pursue her claims on an individual basis in arbitration.

### 2. The Dispute Resolution Agreement Does Not Violate The NLRA

Plaintiff may argue that the Dispute Resolution Agreement is unenforceable under federal labor law, relying on a recent opinion by the Central District of California and two National Labor Relations Board decisions which held that class action waivers violate Sections 7 and 8 the National Labor Relations Act ("NLRA"). However, such an argument would fail from the start.

The Fifth Circuit has specifically declined to enforce these NLRB decisions. *See In re D.R. Horton, Inc.*, 357 N.L.R.B. No. 184, 2012 WL 36274 (Jan. 3, 2012), *enforcement denied in relevant part*, 737 F.3d 344 (5th Cir. 2013); *In re Murphy Oil USA, Inc.*, 361 N.L.R.B. No. 72, 2014 WL 5465454 (Oct. 28, 2014), *enforcement denied in relevant part*, 808 F.3d 1013 (5th Cir. 2013). Numerous other federal appellate and district courts have also declined to follow *D.R. Horton. See Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 n.8 (2nd Cir. 2013) (agreeing with the Eighth Circuit and likewise declining to follow *D.R. Horton*); *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1075 n.3 (9th Cir. 2013) (citing to, without deciding, the overwhelming majority of district courts that have declined to defer to *D.R. Horton*). The California Supreme Court reached the same conclusion in *Iskanian v. CLS Transportation Los Angeles, LLC ("Iskanian")*. 59 Cal. 4th 348, 373 (2014) ("in light of the FAA's liberal federal policy favoring arbitration, . . . sections 7 and 8 of the NLRA do not represent a contrary congressional command overriding the FAA's mandate."). In fact, the dissenting NRLB board member in *Murphy* noted the "near universal condemnation from the federal and state courts" and listed over 40 federal and state courts that rejected the NLRB's reasoning in *D.R. Horton.* 361 N.L.R.B. No. 72, 36 n.5.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

This Court has already found that Adecco's Dispute Resolution Agreement does not violate the NLRA, and there is nothing in this case which should alter this Court's reasoning on this issue. *See Nanavati v. Adecco*, 99 F. Supp. 3d 1072, 1079 (N.D. Cal. 2015) (finding that the plaintiff signed a valid arbitration agreement, was given ample opportunity to opt out (which he chose not to do), and as a result "the class action waiver is not an unlawful restraint of Plaintiff's right to engage in concerted activity" under the NLRA). In reaching this conclusion, this Court relied on *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1075-76 (9th Cir. 2014), which quickly dismissed any notion that the plaintiff was coerced with respect to her Section 7 rights where she had as similar ability to opt out of the arbitration agreement.

The recent *Totten v. Kellogg Brown & Root, LLC* opinion from the Central District of California—which curiously decided to follow the NLRB's reasoning in *D.R. Horton* rather than the large number of courts that have rejected that decision—should not persuade this Court otherwise. 2016 WL 316019, --- F. Supp. 3d ---- (C.D. Cal. 2016). The *Totten* court followed *D.R. Horton* and found that an employer's arbitration agreement (and particularly its class action waiver) violated of the NLRA on the grounds that the agreement impermissibly made the class action waiver a condition of employment. *See id.* at *10.

The concerns the *Totten* court raised do not exist here. As this Court has already determined, Adecco does not condition employment on executing a class action waiver. *Nanavanti*, 99 F. Supp. 3d at 1079; Prentiss Decl. ¶¶ 14-15. To the contrary, Adecco provides "ample opportunity to opt out of the arbitration agreement." *Nanavanti*, 99 F. Supp. 3d at 1079. Accordingly, *Johnmohammadi* is controlling and the Dispute Resolution Agreement does not pose an unlawful restraint on employees' right to engage in concerted activity under the NLRA. *Id.*; *see also Williams v. 24 Hour Fitness, USA, Inc.*, 2015 WL 4139227, at *7 (D. Hawaii July 9, 2015) (citing to *Nanavanti* in noting that "courts within the Ninth Circuit have refused to invalidate arbitration agreements containing opt-out provisions on the ground that such agreements violate the NLRA.").

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

**C.** **If this Court Will Not Compel the Entire Matter to Arbitration on an Individual Basis, It Should Issue a Stay of the PAGA Claim**

The Dispute Resolution Agreement expressly provides for a waiver of representative PAGA claims. Prentiss Decl. Ex. C, § 8. Plaintiff will likely argue that an employee cannot waive his or her right to bring a representative PAGA claim through an arbitration agreement. The California Supreme Court notably took this position in *Iskanian*, holding that an employment agreement compelling the waiver of representative claims under PAGA was "contrary to public policy and unenforceable as a matter of state law." 59 Cal. 4th at 384.

Many U.S. District Courts (including this Court) declined to follow *Iskanian*, holding instead that such PAGA waivers are indeed enforceable under the FAA and the U.S. Supreme Court's ruling in *Concepcion*. *See, e.g., Nanavati v. Adecco USA, Inc.*, 99 F. Supp. 3d 1072, 1081 (N.D. Cal. 2015) (finding that the Court "must respectfully follow the weight of federal courts rejecting *Iskanian*" and enforce Adecco's arbitration agreement in its entirety). Nevertheless, a three-judge panel of the Ninth Circuit recently decided to follow the *Iskanian* rule. *See generally Sakkab v. Luxottica Retail N.A.*, 803 F.3d 425 (9th Cir. 2015). However, *Sakkab* was a two-to-one split decision with a strong dissent. Though a petition for rehearing *en banc* was denied on February 2, 2016, *see* Case No. 13-55184, Docket No. 115, it is highly likely the decision will be appealed to the U.S. Supreme Court given its arguable conflict with *Concepcion*. Thus, the three-judge panel decision may not be the last word on this issue.

If the Court decides against compelling arbitration of Plaintiff's PAGA claim on an individual basis based on *Sakkab*, Adecco respectfully requests that Plaintiff's PAGA claim be stayed pending the outcome of the arbitration. There can be no serious dispute as to the enforceability of the Dispute Resolution Agreement as to Plaintiff's individual claims. This Court conclusively settled that issue in *Nanavati*.

Under the FAA, once a court is satisfied that an issue is referable to arbitration, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1057 (9th Cir. 2013) ("9 U.S.C. § 3 . . . require[s] stay of civil action during

arbitration."). If the waiver of representative PAGA claims is found unenforceable (or at least not ripe for arbitration), bifurcating the proceedings and sending the individual claims to arbitration is consistent with the Dispute Resolution Agreement. *See Nanavati*, 99 F. Supp. 3d at 1081-82 ("The Court notes that the PAGA waiver at issue in this case contains a fail-safe provision, which provides that if the waiver is determined to be unenforceable, the PAGA claim shall be litigated in a civil court of competent jurisdiction and all remaining claims will proceed in arbitration.") (citing § 8 of the Dispute Resolution Agreement); Prentiss Decl. Ex. C, § 8.

This Court has followed this approach in recent cases, particularly given the derivative nature of PAGA claims. *See, e.g., Jacobson v. Snap-On Tools Co.*, 2015 WL 8293164, at *6 (N.D. Cal. Dec. 9, 2015) (granting defendant's motion to compel arbitration on all individual claims, while staying the representative PAGA claim remaining before the court pending the outcome of the arbitration); *Cobarruviaz v. Maplebear, Inc.*, 2015 WL 6694112, at *9 (N.D. Cal. Nov. 3, 2015) (same); *Kag West, LLC v. Malone*, 2015 WL 6693690, at * 4 (N.D. Cal. Nov. 3, 2015) ("If the arbitrator decides that the PAGA claims are not arbitrable, the Court will stay those claims pending arbitration of the other claims due to their derivative nature.").

## IV.  CONCLUSION

Plaintiff entered into a written agreement to arbitrate her disputes at the time she began her employment with Adecco. The agreement is valid and enforceable and has already been upheld by this Court. Consistent with *Concepcion* and *Nanavati*, Adecco respectfully requests that this Court order Plaintiff to submit all her claims to arbitration on an individual basis and stay all proceedings pending the arbitration. In the alternative, Adecco respectfully requests that this Court grant Adecco's motion to compel arbitration on an individual basis, except for the PAGA representative claim, and that it further grant Adecco's request to stay this litigation, including Plaintiff's PAGA representative claim, pending the outcome of the arbitration.

Dated: February 2, 2016

**BRYAN CAVE LLP**
Julie E. Patterson / Julie W. O'Dell / Steven A. Witt
By:   */s/ Julie E. Patterson*

Julie E. Patterson
Attorneys for Defendant
ADECCO USA, INC.

IR01DOCS\785003.6

12

3:15-cv-05102

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

On February 2, 2016, I caused the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| Matthew Righetti, Esq. <br> John Glugoski, Esq. <br> Michael Righetti, Esq. <br> **Righetti – Glugoski, P.C.** <br> 456 Montgomery St., Ste. 1400 <br> San Francisco, CA 94104 | *Attorneys for Plaintiff* <br> *Kaitlyn Shepardson* <br> Phone: (415) 983-0900 <br> Fax: (415) 397-9005 <br> E-mail: matt@righettilaw.com <br> jglugoski@righettilaw.com <br> mike@righettilaw.com |

[☒] BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 2, 2016, at Irvine, California.

_____
Ginny Hamel

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414