**BRYAN CAVE LLP**
Julie E. Patterson   (CA Bar 167326)
Julie W. O'Dell      (CA Bar 291083)
Steven A. Witt       (CA Bar 277303)
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Telephone:   (949) 223-7000
Facsimile:   (949) 223-7100
E-Mail:  jepatterson@bryancave.com
         julie.odell@bryancave.com
         steven.witt@bryancave.com

Attorneys for Defendant
ADECCO USA, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAITLYN SHEPARDSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADECCO USA, INC, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:15-cv-05102-EMC<br>(San Mateo Superior Court CIV 535091)<br><br>Hon. Edward M. Chen<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JULIE E. PATTERSON IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Date:   March 10, 2016<br>Time:   1:30 p.m.<br>Room:   5<br><br>Complaint Filed:  August 18, 2015<br>FAC Filed:        October 2, 2015 |

# DECLARATION OF JULIE E. PATTERSON

I, Julie E. Patterson, declare:

I am an attorney duly licensed to practice law in all courts of the State of California. I am a partner at the law firm of Bryan Cave LLP, attorneys of record for Defendant Adecco USA, Inc. ( "Adecco") in the action herein. I have personal knowledge of the matters set forth in this declaration. If called as a witness, I could testify competently to such matters.

1.	On December 4, 2015, I had a letter sent via U.S. mail and email to Matthew Righetti, John Glugoski, and Michael Righetti of Righetti-Glugoski, P.C., counsel for Plaintiff Kaitlyn Shepardson ("Plaintiff"), advising them that Plaintiff had signed an arbitration agreement with Adecco. I informed them that I wanted to set a telephonic conference to further meet and confer to discuss arbitration of Plaintiff's claims. A true and correct copy of my letter to Plaintiff's counsel with the attached arbitration agreement is attached hereto as Exhibit A.

2.	On December 21, 2015, I had a telephone conference with Mr. Glugoski. I proposed a joint stipulation to arbitrate Plaintiff's individual claims and stay Plaintiff's PAGA claim pending the outcome of the arbitration and/or final resolution of *Sakkab v. Luxottica Retail N.A.* Mr. Glugoski declined to provide a definitive answer as to whether or not Plaintiff would agree to this stipulation (or any other stipulation regarding arbitration) until after he returned from vacation in January 2016.

3.	In January 2016, Mr. Glugoski and I further met and conferred through multiple email exchanges about a stipulation to arbitrate Plaintiff's claims on an individual basis and to stay her PAGA claim.

4.	On January 11, 2016, I emailed a draft stipulation to Mr. Glugoski for review. As of this date, the parties have been unable to agree on the terms of a stipulation.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 2nd day of February, 2016, at Irvine, California.

/s/ Julie E. Patterson
Julie E. Patterson

IR01DOCS\797457.1\0389659

1

3:15-cv-05102-EMC

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

**EXHIBIT A**

**BRYAN CAVE**

BRYAN CAVE LLP   3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414
T: 949.223.7000  F: 949.223.7100  **bryancave.com**

December 4, 2015

Julie E. Patterson
Direct: 949/223-7144
Fax: 949/437-8744
jepatterson@bryancave.com

**VIA U.S. MAIL AND E-MAIL**

Matthew Righetti, Esq.
John Glugoski, Esq.
Michael Righetti, Esq.
**Righetti – Glugoski, P.C.**
456 Montgomery St., Ste. 1400
San Francisco, CA 94104

Re:     *Shepardson v. Adecco USA, Inc., et al.*

Dear Counsel:

Ms. Shepardson signed the Dispute Resolution and Arbitration Agreement for Consultants/Associates (the "Dispute Resolution Agreement") of Adecco USA, Inc. ("Adecco") at the time she began her employment with Adecco. Enclosed you will find a copy of her signed agreement and her "E-Signature Agreement." The Northern District recently enforced this Dispute Resolution Agreement in an action brought by a former Adecco temporary staffing employee. *See Nanavati v. Adecco USA, Inc.*, 99 F. Supp. 3d 1072 (N.D. Cal. 2015).

By this letter, Adecco is requesting that Ms. Shepardson honor her agreement to arbitrate. Pursuant to the Local Rules, please let me know your availability for a telephone call next week to discuss this issue.

I look forward to speaking with you. If no telephone call is necessary and your client agrees to proceed to arbitration, please let me know and I will send a joint stipulation draft for your review.

Sincerely,

Julie E. Patterson  *for* JEP

JEP:gh

IR01DOCS\787065.1\0389659

**Dispute Resolution and Arbitration Agreement for Consultants/Associates**

This Dispute Resolution and Arbitration Agreement for Consultants/Associates ("Dispute Resolution Agreement") is entered between Adecco USA, Inc., its successors and assigns and its officers, directors, employees, affiliates, subsidiaries and parent companies (collectively referred to as the "Company"), and _KAITLYN SHEPARDSON_ ("Employee").

**Recitals**

A.  The Company desires to consider Employee for placement or the continuation of Employee on temporary work assignments at Company's client(s) ("Client(s)");

B.  Employee is desirous of such consideration or continued assignment; and

C.  Employee and the Company desire to resolve any disputes concerning the terms, conditions or benefits of Employee's employment.

NOW THEREFORE, based on the above, and in consideration of the mutual covenants and conditions set forth herein, the parties hereto agree as follows:

1.  It is the Company's goal that workplace disputes or claims be handled responsibly and on a prompt basis. Employee and the Company are encouraged to take advantage of the procedures in the Company's Open Door Policy and solve problems and disputes informally, through dialog with Employee's supervisor, manager or Human Resources representative. Absent resolution through such process, the Company and Employee agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment relationship, shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association then in effect. These Rules can be obtained from the Company Human Resources Department or on line at www.adr.org. The agreement to arbitrate includes any claims that the Company may have against Employee, or that Employee may have against the Company or against any of its officers, directors, employees, agents, or parent, subsidiary, or affiliated entities, except as set forth below. The arbitration shall take place in the county where Employee is or was last employed by the Company. The Company and Employee agree that the aggrieved party must give written notice of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that the law sets forth for such claim. This Agreement shall be enforceable under and subject to the Federal Arbitration Act, 9 U.S.C. Sec 1 *et seq.* and shall survive after the employment relationship terminates. **BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY IN A COURT.**

2.  Except as it otherwise provides, this Dispute Resolution Agreement also applies, without limitation, to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

3.  The arbitration requirement does not apply to (i) claims for workers compensation, state disability insurance and unemployment insurance benefits; (ii) claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance; however, this Dispute Resolution Agreement does apply to claims for breach of fiduciary duty, for penalties, or alleging any other violation of the Employment Retirement Income Security Act of 1974, as amended, even if such claim is combined with a claim for benefits; and (iii) disputes that may not be subject to predispute arbitration agreements as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203).

4.  Regardless of any other terms of this Dispute Resolution Agreement, claims may be brought before an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims may include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Dispute Resolution Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

5.  Although Employee will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, the Company may lawfully seek enforcement of this Dispute Resolution Agreement including the

following class, collective and/or representative action waivers under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims.

6.      Employee or the Company may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief.

7.      **BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS AND/OR COLLECTIVE PROCEEDING.**

8.      **FURTHERMORE, BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITY AND NOT IN ANY REPRESENATATIVE PROCEEDING UNDER ANY PRIVATE ATTORNEY GENERAL STATUTE ("PAGA CLAIM"), UNLESS APPLICABLE LAW REQUIRES OTHERWISE.  IF THE PRECEDING SENTENCE IS DETERMINED TO BE UNENFORCEABLE, THEN THE PAGA CLAIM SHALL BE LITIGATED IN A CIVIL COURT OF COMPETENT JURISDICTION AND ALL REMAINING CLAIMS WILL PROCEED IN ARBITRATION.**

9.      Within 30 days after signing this Agreement, Employee may submit a form stating that Employee wishes to opt out and not be subject to the Dispute Resolution Agreement. Employee must submit a signed and dated statement on a "Dispute Resolution and Arbitration Agreement for Consultants/Associates Opt Out Form" ("Form") that can be obtained from the Company Human Resources Department Send your request for the Opt Out Form to associatearbitration@adecco.com . An Employee who opts out as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to the Dispute Resolution Agreement. Should Employee not opt out of the Dispute Resolution Agreement in a timely manner, Employee and the Company will be deemed to have mutually accepted the terms of the Dispute Resolution Agreement.

10.      It is understood and agreed by the parties that a Client and its affiliates are intended to be third party beneficiaries to this Dispute Resolution Agreement. Although the Client and its affiliates are not the Employee's employer, any disputes that may be asserted against Client or its affiliates due to Employee's temporary work assignment at Client shall be resolved pursuant to this Dispute Resolution Agreement in the same manner as claims made against the Company.

11.      An Employee has the right to consult with counsel of the Employee's choice concerning this Dispute Resolution Agreement. Employee has read this Dispute Resolution Agreement carefully, fully understands the meaning of its terms and is signing it knowingly and voluntarily.

12.      It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Dispute Resolution Agreement. If any Employee believes that he or she has been retaliated against by anyone at the Company, the Employee should immediately report this to the Company Human Resources Department.

13.      The Company may change or modify the terms of the Dispute Resolution Agreement at any time with reasonable prior notice to Employee. It is understood that future changes will supersede or eliminate, in whole or in part, the terms of the Dispute Resolution Agreement.  Current versions of the Dispute Resolution Agreement will be posted by the Company on the Company's internet site or such other location(s) designated by the Company.

14.      If any provision(s) of this Dispute Resolution Agreement is declared overbroad, invalid or unenforceable such provision(s) shall be severed from this Dispute Resolution Agreement and, the remaining provisions of this Dispute Resolution Agreement shall remain in full force and effect and shall be construed in a fashion which gives meaning to all of the other terms of this Dispute Resolution Agreement.

IN WITNESS WHEREOF, the parties have voluntarily and knowingly executed this Dispute Resolution Agreement on the day and year set forth below.

EMPLOYEE

KAITLYN SHEPARDSON e-Sign - I Agree

DATE: 8/16/2013

ADECCO USA INC.

DATE: 8/16/2013

# E-Signature Agreement

US Verify is a web-based hiring process that greatly reduces paperwork. You will be asked to provide your signature electronically on the required forms.

By providing your electronic signature below, you:

- Agree that your electronic signature holds the same value as your signature.
- Agree that you have fully read and understand all information preceding your electronic signature in each location where your electronic signature appears.

**By clicking the "Electronically Sign This Form" button below I certify that the above information is true and correct, and I agree to the conditions of hiring.**

**Your Signature:** KAITLYN SHEPARDSON e-Sign - I Agree **Date:** 8/16/2013

## PROOF OF SERVICE
### CCP 1013a(3) Revised 5/1/88
### (San Mateo – CIV 535091 – Shepardson v. Adecco)
### (USDC - 3:15-cv-05102-EMC – Shepardson v. Adecco)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

On February 2, 2016, I caused the following document(s) described as:

**DECLARATION OF JULIE E. PATTERSON IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| Matthew Righetti, Esq.<br>John Glugoski, Esq.<br>Michael Righetti, Esq.<br>**Righetti – Glugoski, P.C.**<br>456 Montgomery St., Ste. 1400<br>San Francisco, CA 94104 | ***Attorneys for Plaintiff***<br>***Kaitlyn Shepardson***<br>Phone: (415) 983-0900<br>Fax: (415) 397-9005<br>E-mail: matt@righettilaw.com<br>jglugoski@righettilaw.com<br>mike@righettilaw.com |

[☒] BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 2, 2016, at Irvine, California.

Ginny Hamel

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS\784146.1\0389659

PROOF OF SERVICE