RIGHETTI – GLUGOSKI, P.C.
John Glugoski (State Bar No. 191551)
The Presidio of San Francisco
220 Halleck, Suite 220
San Francisco, California 94129
Telephone: (415) 983-0900
Facsimile: (415) 397-9005
Email:  jglugoski@righettilaw.com

Attorneys for Plaintiff,
KAITLYN SHEPARDSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAITLYN SHEPARDSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADECCO USA, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:15-cv-05102 (EMC)<br><br>Assigned For All Purposes To:<br>Honorable Edward M. Chen<br><br>~~PROPOSED~~ JUDGMENT APPROVING PAGA SETTLEMENT<br><br>Date:           December 22, 2020<br>Time:          1:30 p.m.<br>Location:    Courtroom 05, 17th Floor<br>                   450 Golden Gate Avenue<br>                   San Francisco, California 94102<br><br>Original Complaint filed:  August 18, 2015<br>Trial Date:  None set |

The Court has considered PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF JUDGMENT, including the settlement agreement, and the record in this action ("the Litigation"). The matter having been submitted and good cause appearing,

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. All defined terms contained herein shall have the same meaning as set forth in the PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF JUDGMENT ("Settlement"). The Labor Code Private Attorneys General Act, codified at California Labor Code section 2698 et set. is referred to herein as "PAGA".

2. The Litigation consists of (a) a representative action by Kaitlyn Shepardson (collectively, the "PAGA Representative") against ADECCO USA, Inc. ("Adecco") under PAGA for penalties on behalf of the State of California and all persons employed by Adecco in the positions of Google Express Store Operator, Google Express Store Operations JR Lead, Google Express Store Operations Lead, Google Express Team Leads in California from August 18, 2014 through the date of this Judgment (the "Aggrieved Employees") with this portion of the case referred to as the "Representative PAGA Action".

3. The Court has jurisdiction over the subject matter of the Litigation, the PAGA Representatives, the Aggrieved Employees, and Adecco. This Judgment shall be binding not only on the named parties to the litigation but also on all Aggrieved Employees and the State of California, who are hereby barred by the doctrine of res judicata from re-litigating the Released Claims. *See Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009) (holding that a judgment in a representative action brought by an aggrieved employee under PAGA is binding not only on the named employee plaintiff but also on state labor law enforcement agencies and any aggrieved employee not a party to the proceeding).

4. In accordance with the Settlement, which the Court hereby approves based on good cause showing for the reasons set forth in Plaintiff's motion, therein and with no objection received from the LWDA: (a) The total payment under this Settlement Agreement is One Hundred Forty-Seven Thousand Dollars ($147,000.00) (the "Gross Settlement Fund"), which includes any and all payments to the Aggrieved Employees, payment to the LWDA pursuant to PAGA, Plaintiff's Counsel's fees and costs, any service payments to the PAGA Representative, and all third-party costs of settlement administration; (b) ILYM Settlement Administrators is hereby approved to administer this Settlement; and (c) the LWDA and all Aggrieved

Employees are hereby permanently enjoined from pursuing, or seeking to reopen, any Released Claims against any Released Parties.

5. Plaintiff's request for attorneys' fees and costs in the amount $36,875.00 is hereby approved to compensate them for their reasonable attorney's fees and costs of litigation in connection with the prosecution of the Released Claims. The Court finds that this award is reasonable under the circumstances of this matter, including the length of the proceeding and effort required. No party shall be deemed a prevailing party, and except as provided in this Paragraph, all parties shall bear their own attorneys' fees and litigation costs.

6. Pursuant to PAGA and Labor Code section 2699(l) in particular, the Court approves the Settlement and finds that it is fair, just, reasonable and adequate. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement.

7. Under the terms of the settlement, the only claims being released by the Aggrieved Employees are claims arising under PAGA. This settlement is not intended to release any potential and/or existing non-PAGA claims held by any Aggrieved Employee.

8. All of the Released Claims are deemed adjudicated and extinguished with prejudice as to the PAGA Representatives, all of the other Aggrieved Employees, and the State of California.

9. Settlement Administrator shall make the payments to the LWDA, the Aggrieved employees, the Plaintiff, Plaintiffs' counsel and to the Settlement Administrator as provided for in the Settlement.

10. The Court finds that, under California law (which is applicable here), class action procedural rules do not apply to representative PAGA actions that do not involve putative class claims, such as the Litigation. (See *Arias v. Superior Court* (2009) 46 Cal.4th 969.) Therefore, the Court finds that the notice requirements and other procedures applicable to class action settlements do not apply to the settlement approval process for the Litigation.

11. The Court further finds that notice of the Settlement has been provided to the LWDA as required by PAGA and Labor Code section 2699, subdivision (l)(2), in particular.

12. Any request to intervene in the Litigation and/or Settlement that is filed after the date this Judgment is entered shall be and hereby is deemed untimely.

13. Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the

Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Adecco or any of the Releasees may file the Settlement and/or the Judgment from this Litigation in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court reserves exclusive and continuing jurisdiction over the Litigation, the PAGA Representatives, the Aggrieved Employees and Adecco for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: January 6, 2021

_____
Honorable Edward Chen
United States District Court Judge